OPINION of the Court, by
Judge Logan.
This is a suit in chancery, to recover a life estate in certain slaves..
Peyton Smith, the father of the appellant, having either given or lent certain slaves to her and William Robinson her husband, afterwards, in June 1777, executed jointly with the said William, a deed for said slaves and their increase, to; Ann and Dorothy Robinson, daughters of the said William, and Sarah, to commence after their death. , t ,
Dorothy intermarried with Pitman, the appellee, in 1785, and in a few days thereafter her father gave him two of the slaves, and in 1792 or 3, gave him another of the said slaves ; of which and their descendants, the appellee and those claiming under him have ever since remained in possession. ,
William Robinson made his will the 22d of July 1795, in which he devised to his wife some of the same family of slaves for her life, and to his two daughters after her death. .
He died in 1801, and this suit was commenced in March 1806. She claims a life estate by implication under the deed from her father and husband. But should she be mistaken in this, she then relies on the will of her husband.
Hence it is necessary to consider, whether she can derive any interest under the deed, and whether her husband had any in the slaves in possession of Pitman, when he died, which would pass by his will ?
There is no expression in the deed which necessarily implies an interest to the appellant.
A gift of slaves, to commence after certain lives, can Upon no principle divest the donor and his legal representatives of the estate until the death of those persons. There would still be proper persons in law for the right tp vest in, and no necessity for the implication that a life estate was intended to the persons whose lives were made the contingency to the commencement of the interest given.
Viewing Peyton Smith and William Robinson as the owners of those slaves when they executed the deed, and they, their executors, &c. would certainly be *56 entitled tc them until the death of the s&ld William and his wife, unless they were otherwise disposed of In the mean time, or barred by some other act of the donors or their representatives.
A par<'l gift •f Haves ¡<1*85» arr^mpaaieri by 5 years ⅜>¾ in rhe donee, bns the donor’s right of recové* ry, and consequently of all perfons claiming under the donor*
But supposing that the deed had given to Mrs, Robinson an estate in those slaves for her life, the gift, would by law have vested the interest absolutely in her husband, and been subject to his disposal during her life. This, it is believed, has been invariably the law since long before the execucisn of this deed.
If, therefore, Mrs. Robinson has any right to the slaves sued for, she must derive it under the will of her husband.
Before wc, inquire whether the slaves willed to her, are any of those in possession of the appellee, it will be proper to consider first, what right or claim her husband held over the slaves in contest when he died ?
Pitman in his answer states that the slaves given to him by Williaiii Robinson, were given without qualification or reservation, and relies on possession ever since. There is no evidence contradicting the answer. It remains therefore to consider the effect of the gifts to him of the slaves, and his possession ever since.
In 1785, the time some of those slaves were given, the law required that gifts of slaves should be in writing, in order to render them valid. Hence the gift to Pitman by parol, was not such as gave him the absolute property in the slaves. But by an act of the Virginia legislature in 1787, a writing was made unnecessary to transfer slaves, provided possession accompanied the gift and remained with the donee ; therefore, the gift in 1792 or 3, and possession with Pitman, vested him with the right to the slave then given and her children theif after.
But although a writing was essential in 1785, to transfer a slave, yet a parol gift with a possession of more than five years under the donor, will bar his right to recover thereafter, and of consequence any claiming under him, in virtue of the general act of limitations, which doctrine is laid down 3 Call. 85.
Pitman then having held such possession for a much longer period under the unqualified gift of William Robinson, Robinson himself could not for several \ eais before his death have recovered the slaves, and therefore could not pass them by will. — —Decree affirmed.